**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALAN WRINKLE, Individually and on Behalf of All Others Similarly Situated, | ) ) |
| | ) Case No: |
| Plaintiff, | ) |
| | ) Removal from the Circuit Court of Monroe |
| v. | ) County, Illinois |
| | ) |
| HOYA OPTICAL LABS OF AMERICA, INC., | ) Case No:  2023 LA 27 |
| | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Hoya Optical Labs of America, Inc., ("Hoya" or "Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby removes to the United States District Court for the Southern District of Illinois the action commenced against Hoya in the State of Illinois Circuit Court, Twenty-Fourth Judicial Circuit, Monroe County by Plaintiff Alan Wrinkle ("Plaintiff" or "Wrinkle"). Hoya provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).  In the event that the Court requires that Hoya prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Hoya is prepared to do so.[1]

### I.   PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS.

1.    Plaintiff instituted this action on August 28, 2023 by filing a complaint styled *Alan Wrinkle, individually and on behalf of all others similarly situated, v. Hoya Optical Labs of*

---

[1] "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (holding that where "the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'"). If a plaintiff challenges removal, "both sides submit proof and the court decides by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

*America, Inc*., Case No. 2023LA27, in the State of Illinois Circuit Court, Twenty-Fourth Judicial District, Monroe County. In accordance with 28 U.S.C. §1446(a), a true and correct copy of the Complaint is attached as Exhibit A.

2.     Plaintiff alleges that Hoya violated the Illinois Biometric Information Act ("BIPA" or "the Act"). Specifically, Plaintiff appears to allege violations of Sections 15(a) and 15(b) of the Act for allegedly failing to maintain public policies and obtain consent to collect biometric information. *See* Ex. A, Compl., ¶¶ 76-94.

3.     Plaintiff alleges Hoya required him to scan his finger on a Ceridian system each time he clocked in and out for a shift, in addition to each time he left for and returned from lunch. *Id.* at ¶¶ 33-37. Plaintiff alleges that the Ceridian system is a biometric timeclock. *Id.*

4.     Plaintiff brings this action as a putative class action, <u>purportedly</u> on behalf of the following individuals (the "Putative Class"):

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period. Ex. A, Compl., ¶ 71.

5.     Plaintiff seeks statutory damages, injunctive relief, attorneys' fees and costs, and interest. Ex. A, Compl., Prayer for Relief, p. 17.

## II.  SERVICE ON STATE COURT.

6.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Illinois, written notice of such filing will be given by the undersigned to Plaintiff's counsel, and a notice of filing of this Notice of Removal will be filed with the Twenty-Fourth Judicial Circuit Court, Monroe County, State of Illinois.

### III. Subject Matter Jurisdiction Pursuant CAFA.

7.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1332(d), because: (1) the putative class action consists of at least 100 proposed class members; (2) no defendant is a state, state official, or other governmental entity; (3) the citizenship of at least one putative class member is different from that of any defendant; and (4) the aggregate amount placed in controversy by the Plaintiff's and the proposed class members' claims exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8.      Statutory Class Action: CAFA defines the term "class action" as "any civil action filed under Federal Rule of Civil Procedure ("Rule") 23 or similar state statute or rule of judicial procedure authorizing an action be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff's complaint states that Plaintiff seeks certification pursuant to 735 Ill. Comp. Stat. 5/2-801, which is the Illinois State law equivalent to Rule 23. Ex. A, Compl., ¶ 71. Accordingly, this action falls within CAFA's definition of a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

9.      Government Entity. Hoya is not a state, state official, or other governmental entity. Exhibit B, Declaration of Andrew J. Herden ("Herden Dec."), ¶ 3.

10.     More Than 100 Putative Class Members. Plaintiff seeks to recover statutory damages for all Hoya employees who utilized Hoya's timeclock during the statutory period at Hoya's Columbia Illinois location. Greater than 100 of Hoya's employees and former employees utilized timeclocks at Hoya's Columbia Illinois facility. *See* Ex. B, Herden Dec., ¶ 4. Thus, the

threshold for this number of proposed class members is met for purposes of 28 U.S.C. § 1332(d)(5)(B).

11.    <u>Minimal Diversity</u>. Minimal diversity, as required by 28 U.S.C. § 1332(d)(2)(A), exists. For jurisdiction under CAFA, "any member of a class of plaintiffs must be a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

    a.  Plaintiff is a resident and citizen of Illinois. See Ex. A, ¶ 1.

    b.  Hoya is and was at the time of the commencement of this action, a corporation organized under the laws of Delaware. Ex. B, Herden Dec., ¶ 5. Hoya's principal place of business is its headquarters, located in Lewisville, Texas. *Id.* at ¶ 6. Thus, pursuant to 28 U.S.C. § 1332(c), Hoya is a citizen of Delaware and Texas.

    c.  Because Hoya and at least one plaintiff are citizens of different states, sufficient diversity exists under CAFA.

12.    <u>Amount in Controversy</u>.   Under CAFA, the claims of individual putative class members are aggregated to determine if the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2), (6).  Once the removing defendant "has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (citations omitted) (emphasis added); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) (a "good-faith estimate that plausibly explains how the stakes exceed $5 million" is sufficient).  Here, Plaintiff seeks, on his own behalf and on behalf of the putative class, statutory damages, injunctive relief, and attorneys' fees and costs. Without conceding any merit to Plaintiff's claims or the damages he claims, his allegations in the Complaint concerning the amount in controversy satisfy CAFA's jurisdictional threshold.

13.    The aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest, as required by 28 U.S.C. § 1332(d)(2).

    a. Plaintiff seeks $1,000 from Hoya for each negligent violation of BIPA and $5,000 from Hoya for each willful or reckless violation of BIPA in connection with each use of Hoya's timeclock system.

    b. Plaintiff alleges that Hoya violated BIPA when its timeclock system scanned his fingerprint to clock in and out for his shift, and when he left for and returned from lunch. See Ex. A, Compl., ¶¶ 33-37. In other words, Plaintiff alleges he suffered four violations of BIPA per day.

    c. Plaintiff was employed by Hoya for a period of approximately one year. Plaintiff's theory assumes four violations per day, five days per week, for 48 weeks per year, for the following <u>minimum</u> statutory damages for one year:

    4 swipes per day x $1,000 (per swipe) x 5 (days per week) x 48 (weeks per year) = **$960,000 per employee per year**

    d. Even assuming the minimum 100 employees, damages exceed $5 million:

    $960,000 (per employee) x 100 (employees) = **$96M for 100 employees per year.**

14. Conservative estimates of the number of violations confirm that the amount in controversy in this matter exceeds $5 million, particularly given that a single employee's statutory damages are nearly $5 million. When this amount is considered together with the fact that there are at least 100 putative class members, it cannot reasonably be doubted that the amount in controversy exceeds $5 million.

15. If there were any doubt, Plaintiff also seeks an award of attorneys' fees. Fees incurred up to the time of removal are part of the amount in controversy. *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011). In view of the early stage at which Defendants removed this case, the amount of attorneys' fees currently at issue may be relatively small, but these fees would nonetheless further support the conclusion that the amount in controversy exceeds $5 million.

#### IV.  SUBJECT MATTER JURISDICTION PURSUANT 28 U.S.C. § 1332(A) (TRADITIONAL DIVERSITY).

16.      In addition to CAFA jurisdiction, the Court also has traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). As noted above, the amount in controversy for one employee per year (the length of Plaintiff's tenure) is $960,000, which well exceeds $75,000, and the Plaintiff and Hoya are citizens of different states.

#### V.  DEFENDANT HAS SATISFIED ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL.

17.      <u>Timeliness</u>. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, as Hoya was served on September 6, 2023 and, therefore, has filed this Notice within the 30-day period prescribed.

18.      <u>Venue</u>. The United States District Court for the Southern District of Illinois embraces the county in which this action was filed: Monroe County, Illinois. Venue in this district is therefore proper under 28 U.S.C. § 1441(a).

19.      <u>Consent</u>. Hoya is the only Defendant named in the Complaint, and it consents to removal.

20.      <u>Notice</u>.  Hoya will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the State of Illinois Circuit Court, Twenty-Fourth Judicial District, Monroe County, in accordance with 28 U.S.C. § 1446(d), and will serve written notice of the same on Plaintiffs' counsel of record.

21.      <u>State Court Papers</u>. True and correct copies of all process, pleadings, and orders served on Hoya in the action pending in Illinois Circuit Court, Twenty-Fourth Judicial District, Monroe County, Illinois are attached hereto as follows:

      a.  A copy of Plaintiff's Complaint, filed on August 28, 2023 (Exhibit A);

      b.  A copy of the Summons for Hoya (Exhibit C);

    c.   A copy of Plaintiff's Rule 222(b) affidavit (Exhibit D);

    d.   A copy of the August 28, 2023 Assignment Order (Exhibit E);

    e.   A copy of Plaintiff's payment receipt (Exhibit F);

    f.   A copy of the Affidavit of Service on Hoya (Exhibit G);

    g.   A copy of Plaintiff's Motion for Class Certification (Exhibit H);

### VI.  THERE ARE NO GROUNDS FOR ABSTENTION.

22.    Although CAFA has provisions under which a district court may or shall decline jurisdiction, none apply in this case.  *See* 28 U.S.C. § 1332(d)(3) & (4).  Sections 1332(d)(3), 1332(d)(4)(A), and 1332(d)(4)(B) (the "interest of justice" exception, the "local controversy exception" and the "home state exception," respectively) do not apply because the Defendants are not citizens of the State of Illinois, where this action was originally filed.  *See* 28 U.S.C. § 1332(d)(3), (d)(4)(A)(II)(cc), and 1332(d)(4)(B).  Additionally, this action is not one described in 28 U.S.C. §§ 1332 or 1453 as being non-removable.

### VII.  HOYA ADMITS NO LIABILITY.

Hoya expressly denies liability to Plaintiff or to the putative class he seeks to represent, does not admit that Plaintiff is an adequate class representative for the class that he seeks to represent, and does not admit that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the Complaint. Hoya in no way admits that the instant action satisfies the requirements for class certification. However, this action meets all of CAFA's requirements for removal, and this removal pleading is both timely and proper.

### VIII.  CONCLUSION.

For the reasons set forth above, the Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) and (d) and this action is removable under 28 U.S.C. §§ 1441(a) and 1453. If the Court disagrees or if Plaintiff seeks remand, Defendants request leave to submit additional

evidence to supplement this short and plain statement of the grounds for removal.

Dated: October 6, 2023.                    **HOYA OPTICAL LABS OF AMERICA,
                                            INC.**

                                            By: _/s/  David J. Stein_

                                            David J. Stein (Atty. No. 6307086)
                                            Laura Luisi (Atty. No. 6321034)
                                            GREENBERG TRAURIG, LLP
                                            77 West Wacker Drive, Suite 3100
                                            Chicago, Illinois 60601
                                            David.Stein@gtlaw.com
                                            luisil@gtlaw.com
                                            T: (312) 456-8400
                                            F: (312) 456-8435

## **CERTIFICATE OF SERVICE**

I, David J. Stein, an attorney, certify that I electronically filed **Defendant Hoya Optical Labs of America, Inc.'s Notice of Removal** with the Court's e-filing system, which will send notification of such filing to the parties of record on this 6th day of October, 2023, and also by email to the following addresses:

Brandon M. Wise
Adam Florek
Pfeiffer, Wolf, Carr, Kane, Conway & Wise
One US Bank Plaza, Suite 1950
St. Louis, MO  63101
bwise@pfeifferwolf.com
aflorek@peifferwolf.com

*/s/   David J. Stein*
David J. Stein